## THOMPSON v LONGO

Ohio Appeals, 2nd Dist, Clark Co

No 332.   Decided Dec 23, 1933

Collins & Collins, Springfield, for plaintiff in error.

R. Stanley Lucas, Springfield, for defendant in error.

trial filed during the term.

A motion for new trial is filed in the same action and the trial court in passing on such motion has before it the pleadings and the record in such original action. Furthermore, during term the trial court has complete control over its orders, findings and judgments and great liberality is accorded the trial court in its procedure. After the term the trial court can not modify or disturb its judgments except under procedure prescribed by the Code. **Ohio Jurisprudence, Volume 2, (Appeal and Error), §874.**

We again call attention to the procedure as prescribed by §11580 GC. This section says the application may be by petition. It necessarily follows that the petition must set out all the requisites and every ground relied upon for a new trial. Under the provisions of §11581 GC all of the material allegations of the petition are denied and therefore must be proved by a preponderance of the evidence before the court may grant a new trial in the original action. The requisites of the petition may be enumerated as follows:

1st. It must appear that the grounds for new trial were not discovered until after the term and could not have been discovered with reasonable diligence.

2nd. That the claimed newly discovered evidence is material to the issues involved in the criminal action.

3rd. That the claimed newly discovered evidence would probably produce a different verdict.

Measured by this standard, there is very serious doubt as to the correctness of judgment in overruling defendant's general demurrer to the petition. There is an absence in the petition of facts showing the materiality of the claimed newly discovered evidence or that the legitimate effect of such evidence would be to probably require a different verdict. The petition does contain general allegations on these vital questions but they are close to being conclusions rather than allegations of fact. In the absence of a motion to make more specific and certain, we will with some reluctance consider the petition as being sufficient as against the general demurrer.

However, there is a total failure of evidence on some of the vital requisites to granting a motion for new trial and as to some parts of the proffered newly discovered evidence plaintiff shows lack of due diligence in not having the evidence present at the original hearing, if competent.

As to much of the newly discovered evidence counsel for Longo presented himself

## OPINION

By BARNES, J.

The procedure for vacation after term differs substantially from motions for new

as a witness on the question of due diligence. He admits that previous to the trial he interviewed one of his present witnesses and ascertained, in a vague, uncertain way, about Mrs. Thompson having a fall in the city market a short time previous to her alleged accident at the Longo store. This witness desired to go south to a sick mother. She was not subpoenaed. Counsel excused this failure to call her as a witness on the claim that her statements were vague and uncertain. On cross examination he says that he thought he could win the case without her. It now develops that the daughter of Longo was present and witnessed this claimed fall in the city market and further that his daughter was present in court during the original hearing and on the evening of the day of that trial told her father of the incident. Other claimed newly discovered evidence is to the effect that Mrs. Thompson had a swollen condition in her leg with pronounced varicose veins, and of such character that she was unsteady on her feet and would frequently fall.

If this evidence was material it could have been ascertained before the first hearing through a demand for physical examination.

The question of due diligence will not apply to some portions of the testimony of Ona B. Fisher, presented through deposition, but in considering the testimony of this witness, as well as others, we are unable to determine its materiality. We do not mean to say that the testimony of these witnesses would be immaterial, but rather that it is not affirmatively shown that it is material. This was an obligation resting upon the plaintiff Longo.

None of the pleadings in the original action are presented in evidence. We do not have in the petition in the present case the allegations of what the plaintiff Longo claimed was set forth in the petition and the answer, but it must be remembered that under the statute every allegation of the petition is denied. Even if we could accept these averments, we are confronted with the failure to present any of the evidence in the original hearing whereby it might be shown that the evidence now claimed to be newly discovered would be material to any issue. None of the claimed newly discovered evidence meets the issue as to whether or not Mrs. Thompson had a fall at the Longo store at the time and place and in the manner claimed. We are not advised as to the nature, extent or kind of injuries which Mrs. Thompson claims she sustained and upon which she predicated her action. If Mrs. Thompson suffered injuries by reason of a fall over a loosened metal strip in the door, negligently maintained by Longo, she would be entitled to recover regardless of any physical infirmities which might have been present previously. Of course, if she presented evidence and sought recovery for injuries not the result of her fall, then we can see that the proffered newly discovered evidence would be material to the issue. The record being silent on this question, the conclusion is irresistible that the plaintiff has failed to show the materiality of the claimed newly discovered evidence.

We have very little authority on the question in Ohio, but probably the best considered case is Briggs v Rowley, found in 10 Ohio Decisions, 177. This is a very able decision by Judge Neff of the Common Pleas Court of Cuyahoga County, and therein is the principle is splendidly analyzed and he cites decisions of courts of last resort in other states. Reference is also made to the opinion of Judge Okey, in Moore v Coates, 35 Oh St, 177.

Counsel for the plaintiff Longo raises the question that the judgment of the trial court regarding the new trial is not a final order from which error may be prosecuted. Many cases are cited in support of this claim, but we fail to find any in point. They deal with situations where the order granting new trial was made during term on motion. In the case of Krieger's Cleaners and Dyers, Inc. v Benner, 123 Oh St 482, the case was carried to the Supreme Court on proceedings in error. The case arose in the Common Pleas Court on petition for new trial after term. We do not find that any reference was made to the question of the judgment being a final order, but the fact that very eminent counsel and both Court of Appeals and Supreme Court decided the case without reference to the question of jurisdiction leads to the irresistible conclusion that there was no question but what the judgment was a final order. If the question has not been previously decided we would so declare now.

We might make the further observation that we can readily understand how counsel and the trial court might overlook the question of the materiality of the evidence in question when they necessarily had in mind the issues and evidence in the original hearing.

The judgment of the court granting a new trial will be set aside at costs of defendant in error. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.