## SCHAFFER v ARANYOS

Ohio Appeals, 9th Dist, Lorain Co

No 824.   Decided May 10, 1937

E. H. Davidson, Lorain, for appellee.

F. G. Ferguson, Lorain, and Provenza & Friedman, Lorain, for appellant.

## OPINION

By WASHBURN, J.

Paul Schaffer sued Alex Aranyos to recover damages for malicious prosecution

and for the conversion of certain automobile repair tools, both causes of action growing out of an arrangement between them in reference to the operation of a gasoline filling station and garage belonging to Aranyos

The trial resulted in a judgment in favor of Schaffer.

In disposing of the case, it will be necessary to refer only to the malicious prosecution cause of action.

No attempt will be made to set forth the facts, as counsel are familiar with them. All we shall attempt to do is to state our conclusions in reference to said cause of action.

The prosecution of Schaffer and the result thereof was admitted. Therefore, if Schaffer was a partner of Aranyos, the prosecution of Schaffer was wrongful because he could not have been guilty of the offense charged; while if Schaffer was not such partner, he had no right to recover in the malicious prosecution action, since he admitted the appropriation of a part of the money he was charged with embezzling.

Assuming that the evidence upon the question of the existence of a partnership was such as entitled Schaffer to the judgment of a jury, his right to recover for malicious prosecution depended upon the determination of the issue of the defense of advice of counsel which was plead in the answer.

As to that issue, the evidence was of such character that different minds should reasonably arrive at but one conclusion; and the evidence being such as to present no substantial controversy over the ultimate essential fact, there was presented only a question of law.

The evidence is that Aranyos made a full disclosure to the attorney who gave the advice and who was a prosecuting officer; that in the second interview with the attorney he produced his books and his bookkeeper, and furnished all of the additional facts which the attorney required for the purpose of determining the question of partnership; that the attorney advised Aranyos that the facts as stated constituted in law the crime of embezzlement; and that Aranyos acted upon that advice and caused Schaffer's arrest.

Such evidence being undisputed, the trial court should have granted the motion of Aranyos, made at the close of all the evidence on behalf of Schaffer, and renewed at the close of all the evidence in the case,

to direct a verdict in favor of Aranyos upon the cause of action for malicious prosecution.

In reaching this conclusion we are treating said motions as applying to each cause of action separately, although the motions were indefinite in that particular. We are doing so because of the provisions of the amendment to §11601, GC, which became effective September 2, 1935. By such amendment, the right of a party to have judgment in his favor does not depend upon the making and overruling of a motion for a directed verdict.

Under the evidence in the record, Schaffer was entitled to have the case submitted to the jury upon his other cause of action for conversion; and, if there had been a verdict for a proper amount upon that cause of action, we would not disturb the same; but as both causes of action were submitted to the jury and the verdict is a single verdict on both causes of action, it follows, in view of the conclusion we have reached in reference to the malicious prosecution action, that the judgment of the trial court should be reversed because it is contrary to law; that final judgment should be entered in this court in favor of Aranyos on the malicious prosecution cause of action; and that the cause of action for conversion should be remanded to the trial court for further proceedings according to law.

Judgment accordingly.

STEVENS, PJ, and DOYLE, J, concur in judgment.