**MAGLY, Plaintiff-Appellee, v. THE MASONIC TEMPLE ASSO-CIATION of Columbus, Ohio, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3957.   Decided February 3, 1947.

Horace S Kerr, Columbus, for plaintiff-appellee.
Wiles & Doucher, Columbus, Henry L. Scarlett, Columbus, for defendant-appellant.

348

## OPINION

By THE COURT:

This is an appeal on questions of law from the Common Pleas Court of Franklin County, Ohio. The action was instituted by the plaintiff filing a petition alleging and claiming damages by reason of an explosion and fire occurring on the property of the defendant Company. The case was tried by the Court without the intervention of a jury and on the issues joined the Court found in favor of the defendant. After the lapse of several terms the plaintiff filed a petition for a new trial on the ground of newly discovered evidence. It was agreed between counsel that the matter could be submitted to the Court on affidavits instead of at a formal hearing, and the case was conducted in that manner. To support the allegations in the petition the plaintiff submitted the affidavits of Herrick L. Johnston and Dana J. Demorest. These affidavits disclose that both of these gentlemen are chemists, who made an investigation as to the cause of the fire and the results of their examination of certain lacquers, varnishes, enamels and paints as to their combustibility and explosiveness. On the submission of these affidavits the plaintiff rested his case. The trial court found in favor of the plaintiff and granted a new trial and it is to this judgment that this appeal is directed.

The assignment of error may be epitomized as follows:

(1) That the Court was in error in granting a new trial when there was no evidence in the record to prove the material allegations of the plaintiff's petition.

(2) The Court erred in failing to sustain the defendant's motion for a judgment notwithstanding the decision of the Court and render a final judgment in favor of the defendant.

(3) That the Court erred in overruling the defendant's motion for a new trial.

The particular statute under which newly discovered evi-

dence becomes a ground for a new trial is §11576-7 GC. This section authorizes the granting of a new trial for,

"7. Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial."

It will be noted that under this section a new trial can be granted for newly discovered evidence which, first, is material to the party applying, and which with reasonable diligence he could not have discovered and produced at the trial.

Sec. 11580 GC provides that the application for a new trial after the term may be made by petition. Sec. 11581 GC provides in part as follows:

"The facts stated in such petition shall be considered as denied without answer."

Therefore, by this statute defendant denies that the plaintiff has newly discovered evidence material for the plaintiff which with reasonable diligence he could not have discovered and produced at the trial, and that said evidence was discovered after the term at which the verdict was rendered. This being denied by the defendant without answer, the burden of proof was upon the plaintiff to prove, as the Supreme Court said in the case of **Sheen v Kubiac, 131 Oh St 52,** syllabus 3:

"To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merly cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence."

Now, as stated previously, the only evidence to support the plaintiff's petition for a new trial was the two affidavits of Demorest and Johnston. We find nothing in the record to establish that this evidence was discovered since the trial, nor that it could not, in the exercise of due diligence, have been discovered before the trial. These facts were properly alleged in the petition to vacate the judgment, but the record is totally lacking in any proof of them. Under §11581 GC some

proof is required to establish these facts, the amount resting within the sound discretion of the Court.

In the case of **Thompson v Longo, 16 Abs 205,** this Court held as follows, syllabus 5:

"Under the provisions of §11581 GC all of the material allegations of the petition for the vacation of a judgment after term are denied and must be proved by a preponderance of the evidence."

Syllabus 6:

"A petition for vacation of a judgment after term and the granting of a new trial on the ground of newly discovered evidence must show that the evidence was not discovered until after term and could not have been discovered with reasonable diligence; that the evidence is material and would probably produce a different result."

See also **Western Ohio Public Service Co. v Incorporated Village of Yellow Springs, 38 Abs 472; Stroufe v Guttman, et al., 65 Oh Ap 56.**

Counsel for the plaintiff in his oral argument stated when this new evidence was discovered and the diligence he pursued which would have been sufficient to sustain the ruling of the trial Court, but this is not in the record and counsel for the defense had no opportunity to cross-examine or file counter affidavits, and therefore cannot be considered by the Court in passing upon this question.

Counsel for the plaintiff has filed a memorandum in which reference is made to several Ohio cases, none of which are exactly in point, nor in opposition to the principles announced in the cases quoted, supra.

We are of the opinion that the trial Court was in error in granting a new trial under the evidence submitted on the record.

The next assignment of error is that the Court erred in failing to sustain the defendant's motion for a judgment notwithstanding the decision of the Court and rendering a final judgment in favor of this defendant. Prior to the filing of the motion for a new trial the defendant filed a motion for a judgment notwithstanding the verdict. This motion was overruled prior to the overruling of the motion for a new trial. **Sec. 11601 GC** is the section pertinent to this motion and it provides:

"When, upon the statements in the pleadings or upon the evidence received upon the pleadings or upon the trial, one

party is entitled by law to judgment in his favor, **judgment shall be so rendered by the Court,** although a verdict has been found against such party and whether or not the motion to direct a verdict may have been made or overruled, but no judgment shall be rendered by the Court on the ground that the verdict is against the weight of the evidence."

(Emphasizing ours.)

It will be noted that this section of the statute provides that when upon the evidence received in the trial of a cause a party is entitled to judgment, judgment shall be so rendered by the Court. As stated previously, the record does not disclose that any of this new evidence was discovered after the trial. There is not a scintilla of evidence on this subject. The motion for a judgment notwithstanding the decision of the Court was therefore one under §11601 GC, and the Courts have almost unanimously held that where a plaintiff fails to offer proof upon a material issue therein a judgment in his favor is contrary to law, and if the trial Court fails to do this, it is the duty of the reviewing Court to do so.

In the case of **Levin v Kiska, et al., 54 Oh Ap 408,** the Court held, syllabi 1 and 2:

"1. Where a plaintiff in an action fails to offer proof upon a material issue therein, a judgment in his favor is contrary to law.

"2. Where a jury has returned a verdict for plaintiff, and the trial judge finds upon the hearing of a motion for a new trial, filed by defendant and containing the ground that the judgment is contrary to law, that plaintiff failed to offer proof upon a material issue in the case, it is the duty of the trial judge, under the provisions of §11601 GC to enter judgment in favor of the defendant, regardless of whether a motion to direct a verdict in defendant's favor was made and overruled, or not made at all, during the trial; and where the trial court fails or refuses to enter such judgment, it is the duty of the reviewing court so to do."

The same principle is maintained in the case of **Woolley v Fell, 24 Abs 324,** the first syllabus reading as follows:

"**Sec 11601 GC** empowers a trial judge to examine the evidence and the pleadings after a jury verdict, and to render judgment non obstante veredicto against the party having the burden of proof if the state of the evidence is such that reason-

able minds can arrive at but one conclusion and that adverse to the claim of the plaintiff, even though the court has overruled motions for a directed verdict at the conclusion of the plaintiff's case in chief and at the conclusion of all the evidence."

See also **Schaffer v Aranyos, 25 Abs 386,** the third paragraph of the syllabus reading as follows:

"The right of a party to have judgment in his favor does not depend upon the making and overruling of a motion for a directed verdict, by virtue of the provisions of the amendment to §11601 GC, 116 O. L. 413."

The plaintiff says that the Court could not have sustained this motion, citing **Globe Indemnity Co. v Schmidt, 76 Oh Ap 35.** Here, the Court held that where a special verdict alone is returned and a motion for a new trial is filed, the Court has no jurisdiction to enter a judgment on such special verdict unless and until the Court has overruled the motion for a new trial and where the motion for a new trial was granted the power to enter a judgment did not exist. We find this case is not in point, as it has application to §11599 GC, while in the case at bar §11601 GC is applicable. We find the same situation in the case of **Fishbach v Norman, 78 Oh Ap 140,** which has been cited by the plaintiff.

The motion for a judgment notwithstanding the finding of the Court in this case was not directed to the findings in the original trial, but only to the finding in the vacation proceedings. The cases cited by the plaintiff, supra, relate to the relation between a special verdict and a motion for a new trial. Such a verdict follows just as a general verdict follows if a motion for a new trial is allowed. Therefore, a judgment cannot be had upon a special verdict until the motion for a new trial is passed upon. A motion for a judgment notwithstanding the verdict is a right which a party has irrespective of the verdict and of the motion for a new trial.

Were our sympathies permitted to enter into this matter our decision would probably be otherwise; but under the recognized laws of this state we must find that the motion for a judgment notwithstanding the decision of the Court should have been sustained, and it is so ordered.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.